## LAVINA WALLACE
### v.
## JEFFERSON J. WHITE ET AL.

VOLUNTARY CONVEYANCE AS AGAINST PRE-EXISTING CREDITOR.—Appellee married upon the promise of her prospective husband to make good her pension. A, the owner in fee of certain real estate, who was under no moral or legal obligation to appellee or her husband to make good her pension, and who was indebted at the time, conveyed without consideration all his land to B who, in turn, at the request of appellee's husband conveyed the same without consideration to appellee. *Held*, that the voluntary conveyance of A was void as against a pre-existing creditor.

APPEAL from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed February 9, 1883.

In a proceeding for partition instituted by this appellant against appellees Jefferson J. and James White and others, an

interlocutory decree was rendered on the 14th day of February, 1879, ordering partition and finding that the petitioner in said cause, the said Lavina, was entitled to recover from said Jefferson J. and James, certain rents and profits theretofore received by them, and the cause was, on the 28th day of April, 1879, referred to the master to state the account. The master found the amount due from James to be $280.65 and from Jefferson, $340.20 and reporting the same to the court, his report was confirmed and a decree rendered for such sums respectively and executions awarded for their collection.

Execution was issued March 20, 1880, on the decree against Jefferson J. White which was returned no property found, and the present bill is filed in aid of that execution. The bill after averring at length the above facts, charges that at the time of the rendition of the interlocutory decree in the partition suit, Jefferson J. White was the owner of the real estate described in the bill and that on the 22d day of February, 1879, he and his wife conveyed said land to one Jacob A. Dupee, without any good or valuable consideration, and for the purpose of preventing complainant from collecting the amount of her claim against said Jefferson.

That said Dupee on April 7, 1879, conveyed said real estate to Bertha White, the wife of said James without any consideration whatever, but for the like purpose of hindering and delaying the complainant in the collection of any decree she might obtain against said Jefferson.

Jefferson J., James and Bertha White were made parties defendant to the bill. Bertha alone answered it and in her answer claims that she is a purchaser in good faith for a valuable consideration of said premises, and that she is the owner in fee thereof. Jefferson J. and James White were defaulted, and upon the hearing the court below dismissed the bill and the complainant appealed.

Mr. SAMUEL RICHOLSON, for appellant; that a voluntary conveyance, although valid between the parties, is fraudulent and void as against pre-existing creditors of the grantor, cited Choteau v. Jones, 11 Ill. 318; Beers v. Botsford, 11 Conn.

Wallace v. White et al.

369; Sherwood v. Marwick, 5 Greenl. 295; Hansen v. Buckner, 4 Dana, 251; Read v. Livingstone, 3 John. 481; Young v. White, 25 Miss. 146; Lee v. Figg, 37 Cal. 320; State v. Low, 64 N. C. 500; Lockard v. Beckley, 10 W. Va. 87; Hunter v. Waite, 3 Gratt. 26; Bump on Fraud. Conveyances, 70; Chapin v. Pease, 10 Conn. 69; Sands v. Codwise, 4 Johns. 536; Sexton v. Wheaton, 8 Wheat. 229; Moore v. Spencer, 6 Ala. 506; Costello v. Thompson, 9 Ala. 937; O'Daniel v. Crawford, 4 Devereaux, 197; Parsons v. McKnight, 8 N. H. 35; Gunn v. Butler, 18 Pick. 248; How v. Ward, 4 Greenl. 195; Smyne's Case, 2 Coke, 80; Miller v. Thompson, 9 Porter, 199; Gilmore v. N. Am. Land Co. Peters C. C. R. 464.

A default confesses the material allegations of the bill: Grob v. Cushman, 45 Ill. 126.

Messrs. LELAND & GILBERT, for appellee; that marriage is a valuable consideration, cited Bouvier Dict. 331.

PILLSBURY, P. J.   The deed from Jefferson J. White to Dupee was executed without the knowledge of Dupee and no consideration was paid by him therefor, and he made the deed to Mrs. White at the request of James White, her husband, without any consideration whatever being paid to him.

These conveyances being purely voluntary, are to be held invalid against the prior creditors of Jefferson J., unless the defendants have shown such facts as take the case out of the general rule as applied to such conveyances.

It appears from the testimony of Mrs. White, that when she married James White in March, 1878, she was in receipt of a pension from the government of eight dollars per month as the widow of a soldier, and that when Mr. White proposed marriage she mentioned to him that by such marriage she would lose such pension, and he promised that " he would make it all right; she should be made safe, as he would recompense her for it."   She further stated that she married upon the consideration that he would make her pension good to her, and that when he gave her the deed from Dupee to her, he stated that " he had got short of money and would give her the property."

It is urged that these facts show her to be a purchaser for a valuable consideration, and as such, entitled to protection in a court of equity. It is unnecessary to now determine what the effect of such an arrangement would have upon the rights of the creditors of James White had he conveyed his real estate to his wife in consideration of marriage, as that question does not arise upon this record. It appears from the proofs, that Jefferson J. White derived his title to the premises named in the bill by deed from James White bearing date February 22, 1878, for the expressed consideration of $610 in hand paid, and there is nothing in the evidence tending to show that this deed was made upon any other or different consideration from that expressed, or that it was executed for any other purpose than to transfer the title absolutely to the grantee.

He must, therefore, be considered as being the owner in fee at the time of the rendition of the interlocutory decree establishing the fact of his indebtedness to the appellant and holding said premises unaffected by any outstanding trust, lien or contract for a conveyance in favor of James White or any one else. He is not shown to be in any way connected with the alleged marriage contract, neither does it appear that he was under any legal or moral obligation to James or his wife to make her pension good or to fulfill the promise of James to do so.

To convey his land to Mrs. White under the circumstances in evidence was a mere gratuity which he could not legally make to the prejudice of his creditors.

This real estate was the only property owned by Jefferson J. that could be subjected to sale upon appellant's execution, and having voluntarily disposed of it without consideration, under the circumstances disclosed by the evidence in this record the court should, in our opinion, have granted the prayer of the bill.

The decree will be reversed and the cause remanded for further proceedings.

Decree reversed.